NINA WALKER v. JAMES W. G. WALKER.

DECEMBER 30, 1910.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Jurisdiction.  Motion to Dismiss Complaint.  Divorce.*

A motion to dismiss a petition for divorce for want of jurisdiction is properly heard and determined at the earliest moment.

Want of jurisdiction can not be waived nor cured by general appearance.

Upon hearing of a motion to dismiss a petition for divorce for want of jurisdiction, evidence touching the charges of petitioner was properly excluded.

(2)  *Divorce.  Jurisdiction.  Domicile and Residence.*

Where it appeared that the domicile and residence of a respondent in proceedings for divorce from bed and board was outside the State, and that petitioner did not attempt to gain a residence and domicile separate and apart from respondent until after she signed and made oath to the petition, the court was without jurisdiction to entertain the petition.

The acquirement of residence or domicile must precede the preferment of the petition; therefore a petition for divorce can not be presented with the expectation of thereafter acquiring the domicile or residence.

*Semble;* that in a proper case, one of urgent necessity, a wife might become a domiciled inhabitant of this State by residing here separate and apart from her husband for a fractional part of a day, for the purpose of becoming a petitioner for divorce from bed and board.

DIVORCE.  Heard on exceptions of petitioner, and overruled.

DUBOIS, C. J.  This is a proceeding for divorce wherein the petition was sworn to on the sixteenth day of October, 1909, and filed in the clerk's office of the Superior Court on the nineteenth day of said month.  Service was made upon the respondent, on the twentieth day of the same month.  The petition reads as follows:

"STATE OF RHODE ISLAND,

"NEWPORT, SC.

"To the Superior Court, next to be holden at Newport, in the county of Newport and State of Rhode Island, on the third Monday of November, A. D. 1909.

"Respectfully represents, your petitioner, Nina Walker, of the said city and county of Newport and State of Rhode Island: that she resides in said county and has been a domiciled inhabitant of said State, and has resided therein for upwards of a year and a half next before the preferring of this petition, and is now a domiciled inhabitant of said State:

"That she was married to James W. G. Walker, her present husband, now residing in said city of Newport, on the 24th day of February, A. D. 1897, and hath ever since on her part demeaned herself as a faithful wife and hath performed all the obligations of the marriage covenant:

"But that the said James W. G. Walker hath violated the same in this: that he hath been guilty of adultery and hath been guilty of extreme cruelty to your petitioner, his said wife, and of other gross misbehavior, and wickedness in violation of his marriage covenant:

"Wherefore your petitioner prays that a decree of this court may be made, divorcing her from the bed, board, and future cohabitation with said James W. G. Walker and until the parties shall be reconciled:

"And your petitioner further shows that there have been born of said marriage, children, as follows: Elizabeth G. Walker, born November 30, 1897; John G. Walker, born October 2, 1899; R. Serrill W. Walker, born November 16, 1900; and Herbert W. Walker, born December 18, 1901, now in the care and custody of your petitioner and as it is for the best interest of said minor children that they should remain with your petitioner, she prays that she may be awarded the custody of the said children:

"That the said respondent, James W. G. Walker, is possessed of an ample salary, and income from certain funds and has property: Your petitioner prays that she may be awarded

sufficient alimony and support for herself and her said children to be paid her by said respondent, or charged on his property in such manner as the court may order:

"And your petitioner as in duty bound will ever pray;

"NINA WALKER.

"Subscribed and sworn to before me at said Newport, in said county of Newport and State of Rhode Island, this 16th day of October, A. D. 1909.

"Witness my hand and notarial seal,

WILLIAM PAINE SHEFFIELD,
"*Notary Public.*"

On the fifteenth day of December, 1909, in compliance with the order of the Superior Court, the petitioner filed a bill of particulars relating to the misconduct of the respondent and on the twenty-eighth day of said December, the respondent filed the following motion to dismiss the petition:

"James W. G. Walker, the above named defendant, respectfully represents to this honorable court that on or about the 29th day of July, A. D. 1898, he was and for some years prior thereto had been a domiciled inhabitant of the city of Washington, in the District of Columbia; that on or about the said 29th day of July, A. D. 1898, he, being then a domiciled inhabitant of the city of Washington, as aforesaid, was appointed to a position in the United States Navy and has ever since been in the Naval service of the United States of America; that since his said appointment, he has from time to time sojourned at different places in the United States and elsewhere as he was assigned thereto by the Naval authorities of the United States, but has never since said appointment, changed his said domicile or acquired any domicile other than said Washington; that his present domicile is said city of Washington, and that he is not now and never has been domiciled in the State of Rhode Island; that his wife, Nina Walker, the petitioner in the above entitled cause, has since her marriage, resided with him, and has never, since said marriage, up to the time of the filing of the petition in this case, acquired a separate domicile; that

she was living with him as his wife on the government reservation commonly known as 'The Naval Training Station' on the day on which the petition in the above entitled cause was executed and sworn to by her and was so residing with him as his wife on said reservation on the day on which said petition was filed in this honorable court; that neither this defendant nor his wife, the said petitioner, had any *bona fide* domicile within the State of Rhode Island at the time of the preferring of the petition in this case; and this honorable court is without jurisdiction to proceed to pass upon the subject-matter of said petition or to grant the relief therein and thereby prayed.

"Wherefore, this defendant respectfully moves that this honorable court dismiss said petition for want of jurisdiction.
"JAMES W. G. WALKER."

On the third day of January, 1910, the court heard said motion, and on the seventh day of February, 1910, entered the following decree:

"The above entitled cause came on to be heard on the defendant's motion that said cause be dismissed for want of jurisdiction, and after a full hearing of the evidence offered for and in behalf of said motion and arguments of counsel for the parties to said cause, it is hereby ordered, adjudged, and decreed that the said motion of said defendant be and the same hereby is granted, and that the petition of the said Nina Walker be and the same hereby is dismissed."

To this ruling the petitioner duly excepted, and filed her bill of exceptions setting forth that:

"This was a petition for divorce filed by Nina Walker against James W. G. Walker, in the Superior Court on October 1st, 1909, and the same was assigned for trial January 3rd. On December 28, 1909, the respondent filed a motion to dismiss the proceedings on the ground of lack of jurisdiction (for further certainty as to this, reference is had to the motion on file in said cause), and on January 31, 1910, the court, against the objection of the respondent, proceeded to hear said motion, and on February 7th, 1910, the court entered a decree granting said

motion and dismissing the petition. The petitioner within seven days thereafter, filed her exception to said decree and also her notice of intention to prosecute a bill of exceptions and, herewith, states her bill of exceptions, as follows:—

"1. Because the court erred in entertaining said motion, and to which ruling the petitioner hereby especially excepts.

"2. Because the court erred in entering said decree dismissing said petition.

"3. Because the court erred in hearing said motion to dismiss without hearing the merits of said cause.

"4. Because said decree was against the law.

"5. Because said decree was against the evidence.

"6. Because said decree was against the law and the evidence and ought to be reversed."

The foregoing exceptions were duly allowed, and the case is now before this court for consideration upon the merits of said exceptions.

(1) The court did not err in entertaining the motion to dismiss the petition for want of jurisdiction. Such a motion must be entertained at the earliest possible moment, because it is of vital importance to ascertain whether the court has power to proceed further in the matter. It needs no citation of authorities to convince even the most sceptical that a question lying so close to the root of the matter must be determined forthwith. Moreover, it is something that can not be waived, nor can it be cured by a general appearance.

Whether the court erred in hearing the motion to dismiss without considering the merits of the cause depends somewhat upon the definition of the word "merits" in the sentence. Assuming that it means the petitioner's charges of the respondent's misconduct, contained in her petition for divorce, we are of the opinion that the court did not err in excluding evidence touching the same in the hearing upon the motion to dismiss for want of jurisdiction. Proof of the truth of the charges could not confer jurisdiction upon the Superior Court if that was lacking, and, in the investigation of its jurisdiction to hear the charges, the truth or falsity of the very charges is not involved.

But even if the court had assumed that they were true, as they were sworn to and the defendant had not then denied them, they could not have been of any assistance upon the point in issue. The only question involved was that of jurisdiction. What had the petitioner alleged, and what did she prove concerning (2) the same? Her allegations in that particular relate to the place of her residence and domicile and to that of her husband. The statute governing the subject is Gen. Laws, 1909, cap. 247, § 8, which reads as follows: "SEC. 8. Divorce from bed, board, and future cohabitation, until the parties be reconciled, may be granted for any of the causes for which by law a divorce from the bond of marriage may be decreed, and for such other causes as may seem to require the same: *Provided*, the petitioner shall be a domiciled inhabitant of this state and shall have resided in this state such length of time as to the court in its discretion shall seem to warrant the exercise of the powers in this section conferred. In case of such divorce the court may assign to the petitioner a separate maintenance out of the estate or property of the husband or wife, as the case may be, in such manner and of such amount as it may think necessary or proper." The jurisdictional requirement is contained in the foregoing proviso. Section 9 of said chapter provides that "every petition shall be signed and sworn to by the petitioner," as it was in the present instance. Every person thus signing and swearing to the truth of a petition thereby then and there becomes *ipso facto* the petitioner. The petition in the case at bar was signed and sworn to October 16th, 1909. The jurisdiction of the Superior Court in the case depends upon the status of the petitioner October 16th, 1909. The petitioner testified that she did not leave her husband until October 19th, 1909, and did not attempt to gain a residence separate and apart from his until that day. From the time of their marriage and up to October 19th, aforesaid, her residence and domicile was merged in that of her husband. There was a preponderance of evidence in support of the allegations in the respondent's motion to dismiss. As it appears that the domicile and residence of the respondent up to the time of the hearing was Washington,

3

D. C., and that, the petitioner did not attempt to gain a residence and domicile separate and apart from her said husband until after she signed and made oath to the truth of her petition for divorce, it is clear that the Superior Court was without jurisdiction in the premises, and therefore had no alternative other than to grant the respondent's motion to dismiss the petition. We do not mean to imply or to be understood as saying that in a proper case, one of urgent necessity, a wife could not become a domiciled inhabitant of this State by residing therein, separate and apart from her husband, one day or even a fractional part thereof, for the purpose of becoming a petitioner for divorce from bed and board under the statute aforesaid. What we do say is that the acquirement of residence or domicile must precede the preferment of the petition, and that one can not present a petition for divorce with the expectation or hope of thereafter acquiring such a residence or domicile.

The petitioner's exceptions are therefore overruled, and the case is remitted to the Superior Court therein to stand dismissed in accordance with the decree of said court entered February 7, 1910.

*Sheffield, Levy & Harvey,* for petitioner.
*Clark Burdick, Walter H. Barney,* for respondent.